UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VIVIAN ROSS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br><br>STEPHEN J. FINK & ASSOCIATES, P.C. and HBLC, INC.,<br><br>Defendants. | Civil Case Number:<br><br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff (hereinafter, "Plaintiff"), a Illinois resident, brings this class action complaint by and through the undersigned attorneys, against Defendants STEPHEN J. FINK & ASSOCIATES, P.C. and HBLC, INC. (hereinafter collectively "Defendants"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

3. The rights and obligations established by section 15 U.S.C. § 1692g were considered by the Senate at the time of passage of the FDCPA to be a "significant feature" of the Act. See *S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696.*

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

6. Plaintiff brings this class action on behalf of a class of Illinois consumers seeking redress for Defendants' actions of using false, deceptive and misleading representation or means in connection with the collection of an alleged debt.

7. Defendants' actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in false, deceptive or misleading practices.

8. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

9. Plaintiff is a natural person and a resident of the State of Illinois and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

10. Defendant Stephen J. Fink & Associates, P.C. is a law firm with its principal office located at 25 E. Washington Street, Suite 1233, Chicago, Illinois 60602.

11. Upon information and belief, Defendant Stephen J. Fink & Associates, P.C. is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

12. Defendant Stephen J. Fink & Associates, P.C. is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

13. Defendant HBLC, Inc. is a collection agency with its registered office located at 25 E. Washington Street, Suite 1233, Chicago, Illinois 60602.

14. Defendant HBLC, Inc. is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

15. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

16. Some time prior to September 12, 2018, an obligation was allegedly incurred to HBLC, INC. final transferee of CREST FINANCIAL.

17. The alleged HBLC, INC. obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

18. The alleged HBLC, INC. obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

19. Defendants contend that the HBLC, INC. debt is past due.

20. Defendants use mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of

creditors.

21. HBLC, INC. directly or through an intermediary contracted the Defendant to collect the alleged debt.

22. On or about September 12, 2018, the Defendants caused to be delivered to the Plaintiff a Trial Court Order from the Illinois Circuit Court, County of Cook, 6th Municipal District. *See* **Exhibit A.**

23. The September 12, 2018 Order was sent or caused to be sent by persons employed by Defendant Stephen J. Fink & Associates, P.C. as a "debt collector" as defined by 15 U.S.C. §1692a(6).

24. The September 12, 2018 order is a "communication" as defined by 15 U.S.C. §1692a(2).

25. The Plaintiff received and read the communication sometime after September 12, 2018.

26. The Order stated in part:

> "X-Parte Default Judgment for Plaintiff for $3308.55 + $350.00 attorney fees v. VIVIAN ROSS"

27. The Order included a paragraph which stated as follows:

> "Federal law requires me to advise you that we are attempting to collect a debt and any information obtained from you will be used for that purpose. Unless you dispute the validity of this debt, or any portion of it, within 30 days after receipt of this notice, the debt will be assumed to be valid."

28. The above language is misleading and deceptive to Plaintiff, an unsophisticated consumer, as to both the manner and timing of her response to this legal document.

29. As **Exhibit A** was a document purporting to be from the Court, Plaintiff was also left to believe, incorrectly, that if she does not dispute the debt within 30 days after receipt, that the Court will assume it to be valid.

30. Plaintiff was further left to believe, incorrectly, that she still had a federal right to dispute the debt, when none existed.

31. The Plaintiff, as would an unsophisticated consumer, read the above statements and was left unsure as to her rights regarding the alleged debt.

32. The acts and omissions of Defendants described above injured Plaintiff and the class members in a concrete way. This injury also created a material risk of financial harm that Congress intended to prevent by enacting the FDCPA – to wit, that Plaintiff, influenced by misleading information, might make payment decisions that she might not have made had he been given only truthful information.

33. The acts and omissions of Defendants described above injured Plaintiff and the class members in a particularized way, in that Defendants were obligated by the FDCPA to supply non-misleading information to Plaintiffs specifically, by virtue of the fact that Defendants were attempting to collect a debt from Plaintiff.

34. Defendants could have taken the steps necessary to bring its actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## CLASS ALLEGATIONS

35. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class") consisting of: a) All consumers who have an address in the state of Illinois b) who were sent a trial court order similar to that of Exhibit A from the Defendant; c) in connection with the collection of a consumer debt allegedly owed to HBLC, Inc. d) which stated "Unless you dispute the validity of this debt, or any portion of it, within 30 days after receipt of this notice, the debt will be assumed to be valid" e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

36. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect

and/or have purchased debts.

37. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

38. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. § 1692e.

39. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

40. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

41. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms

attached as *Exhibit A*, violate 15 U.S.C. § 1692e.

    (c)    **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    (d)    **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    (e)    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

42. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

43. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

44. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

45. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

46. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, misleading and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

47. The Defendants violated said section in its letter to the Plaintiff by:

    a. Using a false, deceptive, and misleading representations or means in connection with the collection of a debt;

    b. Falsely representing the legal status of a debt in violation of 1692e(2);

    c. Making a false representation or using deceptive means to collect a debt in violation of 1692e(10).

48. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e *et seq.* of the FDCPA, statutory damages, costs and attorneys' fees.

### DEMAND FOR TRIAL BY JURY·

49. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby request a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and undersigned as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(d) Awarding pre-judgment interest and post-judgment interest; and

(e) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: December 19, 2018

By: /s/ Yitzchak Zelman

Yitzchak Zelman, Esq.
MARCUS ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Phone: (732) 695-3282
Facsimile: (732) 298-6256
Email: yzelman@marcuszelman.com
*Attorneys for Plaintiff*